IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LONNIE LEE LUNSFORD, JR.            PLAINTIFF
ADC #162779

V.                  NO: 5:17-CV-00085 BSM-PSH

CHERYLE JOHNSON; and
SCOTT TAYLOR                        DEFENDANTS

# FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Lonnie Lee Lunsford, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2). Lunsford sued Captain Cheryle Johnson,[1] the Arkansas Department of Correction ("ADC"), and Scott Taylor ("Taylor"). His claims against the ADC were

---

[1] The Clerk of Court is directed to change the style of the case to reflect the correct name of defendant Johnson as provided in her Answer (Doc. No. 10).

subsequently dismissed. *See* Doc. Nos. 4 & 8. Lunsford alleged in the complaint that Johnson ignored or otherwise intentionally disregarded Lunsford's concerns for his safety, and Lunsford was subsequently attacked and injured by other inmates. Lunsford alleges that after his release from the hospital, he was placed in a housing area with one of his attackers. Lunsford claims that after he protested the housing assignment, Taylor issued Lunsford a major disciplinary. Lunsford asked the Court to find the defendants "liable" for his damages.

The defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Lunsford had not exhausted claims against them before he filed this lawsuit. Doc. Nos. 11-13. Lunsford filed a response, brief in support, and affidavit, Doc. Nos. 16-18. For the reasons described herein, the undersigned recommends that the defendants' motion for summary judgment be granted and this case be dismissed.

**II. Standard of Review**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir.

2

2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue they are entitled to summary judgment because Lunsford failed to exhaust his administrative remedies as to his claim against them before he filed this lawsuit. In support of their claim that Lunsford failed to exhaust his administrative remedies, the defendants submitted the ADC's grievance policy and an affidavit by Shelly Byers, the ADC's Medical Grievance Coordinator. Doc. Nos. 12-1 & 12-2.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

3

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 12-1 at 4. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 5. Inmates are to "specifically name each individual involved for a proper investigation and response to be completed by the ADC." *Id*. at 4. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 5-6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id*. If the inmate is not satisfied with the resolution, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the appropriate Chief Deputy/Deputy/Assistant Director. *Id.* at 10-11. Once the Chief Deputy/Deputy/Assistant Director responds, the grievance process is exhausted. *Id.* at 12. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.*

at 13. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 17.

Lunsford does not dispute that he failed to complete the grievance process, but claims that he was in the hospital when the fifteen-day deadline for filing a grievance expired. *See* Doc. No. 16 at 1. According to his complaint, Lunsford was attacked on or about April 27, 2016, and he filed two grievances regarding his attack and subsequent return to the Varner Unit in March 2017. *See* Doc. No. 2 at 4, 7-8. Lunsford did not describe the length of his hospitalization or the severity of his injuries. He also did not provide the date of his return to the Varner Unit or explain why he could not file a grievance sooner than he did. The grievances he filed in March 2017 were rejected as untimely, and Lunsford did not appeal. Assuming Lunsford had no administrative remedy available to him until March 2017,[2] he should have raised that issue in an appeal of the grievances he did file.[3] Because the ADC policy provides that exhaustion does not occur until a written decision is issued on the appeal or the appeal is rejected, Lunsford's grievances were not exhausted.

## IV. Conclusion

---

[2] "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). In this case, Lunsford did not explain in any detail why he was unable to file a grievance until March 2017.

[3] To the extent Lunsford believed it would be futile to appeal these grievances, his subjective beliefs as to the availability of administrative procedures are insufficient to defeat the PLRA's exhaustion requirement. *See Lyon v. Vande Krol,* 305 F.3d 806, 809 (8th Cir. 2002).

5

For the reasons described herein, the defendants' motion for summary judgment (Doc. No. 11) should be granted, and Lunsford's claim(s) against the defendants should be dismissed without prejudice.

DATED this 30th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE